DA 08-0144

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 386N

IN THE MATTER OF M.P.,

Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DN-06-45
                Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Edmund F. Sheehy, Jr., Regional Deputy Public Defender, Missoula, Montana

        For Appellee (State of Montana):

            Hon. Mike McGrath, Montana Attorney General, Helena, Montana
            Lucy Darty, Assistant Attorney General, Missoula, Montana

        For Appellee (R.P.):

            Byron W. Boggs, Attorney at Law, Missoula, Montana

                            Submitted on Briefs:  August 13, 2008

                            Decided:  November 18, 2008

Filed:

                    _____
                                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Fourth Judicial District Court, Missoula County, terminated A.H.'s parental rights to her daughter, M.P., and A.H. appeals. We affirm the judgment of the District Court.

¶3 The issue on appeal is whether the District Court erred when it found the treatment plan for A.H. was appropriate.

¶4 Following a hearing, the District Court found that M.P had been adjudicated a youth in need of care and A.H. failed to complete numerous conditions of her court-ordered treatment plan. The court concluded that the Montana Department of Public Health and Human Services (DPHHS) had made reasonable efforts to prevent the removal of M.P. from the home and allow reunification to occur; at the time of the hearing, M.P. had been out of A.H.'s care for 16 months; the conduct or condition rendering A.H. an unfit parent is unlikely to change within a reasonable time; and the parent-child legal relationship between A.H. and M.P. should be terminated. A.H. contends on appeal that her treatment plan was not appropriately tailored to meet her addiction and did not consider her particular problems.

¶5 Because no bright line definition exists for an "appropriate treatment plan," we consider a number of factors in determining whether a treatment plan is appropriate, such as

whether the parent was represented by counsel, whether the parent stipulated to the plan, whether the plan considers the individual problems facing both parent and child, and whether the plan contains reasonable timelines or deadlines. *In re D.B.*, 2007 MT 246, ¶¶ 32, 36, 339 Mont. 240, ¶¶ 32, 36, 168 P.3d 691, ¶¶ 32, 36.

¶6    A.H. was represented by counsel throughout these proceedings. She stipulated to her treatment plan, which included multiple provisions addressing her addiction problems. A.H.'s main argument on appeal is that she should have been allowed more time to deal with her addictions. We previously have rejected this type of argument when made by a parent who abused substances, on grounds that it actually supports a conclusion that the parent's conduct making her unfit is unlikely to change within a reasonable time. *See In re C.J.K.*, 2005 MT 67, ¶ 24, 326 Mont. 289, ¶ 24, 109 P.3d 232, ¶ 24. In addition, A.H.'s DPHHS caseworker testified it is unlikely A.H. will be able to change the conduct or condition that makes her unfit within a reasonable time. We hold the District Court did not err in finding the treatment plan was appropriate.

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Our standard of review is clearly controlled by settled Montana law, and there clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶8    Affirmed.

/S/ JOHN WARNER

3

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS